United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 1, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

05-30973

———————

AUDREY BUSFIELD,

Plaintiff-Appellee,

v.

UNITED STATES OF AMERICA,

Defendant-Appellant.

———————————————————

Appeal from the United States District Court for the
Western District of Louisiana, Lafayette
No. 6:03-CV-1235

———————————————————

Before SMITH, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:*

This appeal is from a judgment awarded to the plaintiff,
Audrey Busfield, pursuant to the Federal Tort Claims Act for
injuries she suffered as a result of a negligent performance of a
chemical peel at a Veterans Administration Medical Center. We
affirm.

After an eight-day bench trial, the district court found in

————————————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

favor of the plaintiff with respect to each of the three counts of negligence and further found that the negligence of the defendant, the government, proximately caused damage to the plaintiff. The government does not appeal liability.

The government appeals the district court's decision awarding a substantial amount of specific and general damages. In an eighty-seven page ruling, the district court found that "[t]he chemical peel that ultimately was performed reached into the reticular dermis, leading to severe scarring, scar contracture, and the plaintiff has suffered by all evidence and testimony presented permanent disfiguring and muscle involvement."

The record reveals that the chemical peel caused the skin on Busfield's face and neck to become scarred. This scar contracture has pulled her head down and to the right. In the nine years since the chemical peel, the plaintiff endured numerous plastic surgeries and hundreds upon hundreds of visits to various health care providers in an attempt to mitigate the physical and psychological damage. The evidence further indicates that Busfield will undergo more surgeries.

The government complains that the damages are excessive and invokes the maximum recovery rule. The government also claims that the general damages were duplicative of certain specific damages. We have considered the arguments and find that the government has not shown clear error, nor any error that requires reversal of the district court's judgment.

2

AFFIRMED.